UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TIBURON LAND AND CATTLE, LP., ET AL.,**

    Appellants,

v.                                                        **No. 4:24-cv-01106-P**

**KERWIN BURL STEPHENS, ET AL.,**

    Appellees.

## OPINION & ORDER

Tiburon Land and Cattle, LP, and Trek Resources, Inc. (collectively, "Appellants") appeal a series of bankruptcy court findings. Because the Court finds that the removal to the bankruptcy court was untimely, the Court **VACATES** the decisions of the bankruptcy court and **REMANDS** this case to the **32nd Judicial District Court, Fisher County, Texas**.

## BACKGROUND

This dispute arises from a case was filed over a decade ago in the 32nd Judicial District Court, Fisher County, Texas. After a unanimous jury verdict, the state court issued a Final Judgment on March 30, 2016. The verdict and judgment were appealed to the Eleventh Texas (Eastland) Court of Appeals. On June 28, 2019, the Eastland Court of Appeals reversed in part the Final Judgment and ordered that the case be remanded back to the district court for entry of a judgment consistent with the surviving aspects of the jury's verdict. The Supreme Court of Texas subsequently denied review of the appellate court's decision and the case was remanded to the district court.

Sometime thereafter, Kerwin Stephens (a defendant in the underlying case) filed for bankruptcy. Stephens received notice that his bankruptcy petitions had been accepted on April 7 and April 28, 2021. And on July 6, 2021, Stephens removed the underlying case to the

bankruptcy court. The bankruptcy court then granted a motion for judgment *non obstante veredicto* and entered a take nothing judgment. That decision was timely appealed. The Parties have fully briefed the appeal, and it is ripe for determination.

## LEGAL STANDARD

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a)(1). This includes appeals from final judgments issued in bankruptcy adversary proceedings. *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999) ("In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy."), *quoted with approval in In re Dorsey*, 870 F.3d 359, 362–63 (5th Cir. 2017). The district court, sitting in its appellate capacity, reviews the bankruptcy court's conclusions of law and mixed questions of law and fact *de novo* and findings of fact for clear error. *In re Texxon Petrochems., L.L.C.*, 67 F.4th 259, 262 (5th Cir. 2023).

## ANALYSIS

On appeal, Appellants present five arguments it contends would support the Court's reversal of the bankruptcy court's decisions. Specifically, Appellants assert the bankruptcy court erred by: (1) denying the motion to remand; (2) declining to abstain from addressing the state law questions; (3) entering a take nothing judgment; (4) finding that Appellants waived their alternative basis for recovery; and (5) denying Appellants' Proofs of Claims. ECF No. 26. Because, for the reasons discussed *infra*, the Court finds that the removal was untimely, the Court will not address the remaining arguments.

Appellants contend Appellees' removal of this case was untimely because it was filed more than thirty days after Stephens received notice his bankruptcy petitions had been accepted, as required by 28 U.S.C. § 1446. ECF No. 26 at 25–28. In contrast, Appellees claim the removal was timely because the time for removal was governed by Federal Rule

of Bankruptcy Procedure (Rule) 9027's ninety-day deadline, not 28 U.S.C. § 1446. ECF No. 28 at 3–9. These arguments were presented to the bankruptcy court, which held that Bankruptcy Rule 9027 controlled. For the reasons set out below, the Court respectfully disagrees with the bankruptcy court.

## A. Statutory Background

Generally, removals are governed by two sections. The first, Section 1441, lays out what types of cases can be removed. *See* 28 U.S.C. § 1441. The second, Section 1446, establishes the procedure and time deadline for removals. *See* 28 U.S.C. § 1446. Prior to enactment of the Bankruptcy Reform Act of 1978, these Sections governed the removal of state court lawsuits to bankruptcy courts. *See In re Pacor, Inc.*, 72 B.R. 927, 928 (Bankr. E.D. Pa.) (internal citation omitted). As early as 1973, it was recognized that certain limitations embodied in the general federal removal statutes were not compatible with the plan to expand the jurisdiction of bankruptcy judges. This expansion allowed all matters relating to bankruptcy cases to be tried in one forum. *See id.* To remedy this situation, the Commission on the Bankruptcy Laws of the United States recommended the enactment of an additional removal statute exclusively for proceedings related to bankruptcy cases. *Id.* (citing *Report of Commission on the Bankruptcy Laws of the United States*, H.R.Doc. 93–137, 93d Cong., 1st Sess., Pt. II, at 33 (1973)). Both the House and Senate accepted this recommendation, though in slightly different forms. *Compare* S. Rep. No. 95–989, 95th Cong., 2d Sess. 156 (1978); *with* H. Rep. No. 95–595, 95th Cong., 1st Sess. 448 (1977). The resulting statute was 28 U.S.C. § 1478.

Section 1478 allowed state proceedings to be removed to bankruptcy courts, but did not provide time deadlines nor procedures. The United States Supreme Court exercised its rulemaking power to establish a procedure and time deadline. *In re Pacor,* 72 B.R. at 929. Between the enactment of nationwide rules of bankruptcy procedure and the passage of Section 1478, the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States drafted "Suggested Interim Bankruptcy Rules," which were adopted in various districts as local rules of bankruptcy procedure. *Id.* Among the interim rules was Rule

7004, which set out procedures and time limits for removing proceedings to bankruptcy court. *See In re Potts*, 724 F.2d 47, 51 (6th Cir. 1984). Generally, the interim rule established the deadline for filing a removal application as thirty days from the date of the order for relief. *In re Pacor,* 72 B.R. at 930. Subsequently, Interim Rule 7004 was replaced with Bankruptcy Rule 9027 which created the ninety-day deadline. *Id.*

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), the United States Supreme Court declared the Bankruptcy Act of 1978 to be unconstitutional but stayed its judgment to "afford Congress an opportunity to reconstitute the bankruptcy courts . . ." *Id*. at 88. As a result, Congress added Section 1452 to Title 28 of the United States Code. *In re Pacor,* 72 B.R. at 930. As relevant here, Section 1452 states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

A party may remove a claim in a civil action to a federal district court if that court has jurisdiction of such claim under 28 U.S.C. § 1334. Section 1334 states: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The jurisdictional limits contained in § 1334 replaced the provisions of the 1978 Bankruptcy Reform Act found unconstitutional in *Northern Pipeline*. Prior to the enactment of Sections 1334 and 1452, the time deadline for removal was governed by Bankruptcy Rule 9027. However, since their enactment, there has been a dispute over whether Bankruptcy Rule 9027 or Section 1446 control the removal time deadline.

## B. Section 1446 Controls

As discussed above, Appellees claim the removal was timely because the time for removal was governed by Bankruptcy Rule 9027's ninety-day deadline, while Appellants assert it was not timely because 28 U.S.C. § 1446's thirty-day deadline controls. ECF Nos. 26 at 25–28; 28 at 3–9. Appellees argue the bankruptcy court correctly determined that Bankruptcy Rule 9027 controls because there are meaningful differences between Section 1441 (which governs non-bankruptcy removals) and Section 1452. ECF No. 28 at 6–9. Specifically, a plaintiff can remove under Section 1452 whereas Section 1441 only permits defendants to remove; and Section 1452 allows for the removal of parts of cases whereas Section 1441 only permits removal of whole cases. *Id.* Appellees claim those differences are great enough that the thirty-day time deadline for standard removals in Section 1446 cannot also be the standard for bankruptcy removals under Section 1452, and therefore Congress must have meant to leave Bankruptcy Rule 9027 as the controlling provision. The Court disagrees.

As always, the Court must first look at the words of the statute. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017). But statutory language "'cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Nat'l Ass'n of Priv. Fund Managers v. Sec. & Exch. Comm'n*, 103 F.4th 1097, 1111 (5th Cir. 2024) (quoting *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012)); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS, 167–69 (applying the whole-text canon). And in cases where statutes are *in pari materia* ("in a like matter"), they should be interpreted harmoniously. SCALIA & GARNER, *supra* at 252. Thus, because Section 1452 is silent as to the time deadline for removal, it should be read in context with the rest of Title 28, Part IV, Chapter 89 (hereinafter "Chapter 89"). Consequently, Section 1446 should be read to impose a thirty-day time deadline on removals under Section 1452.

The Court's determination that Section 1446's time deadline should apply to Section 1452 removals is bolstered by the Supreme Court's opinion in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). In *Things Remembered*, the district court held that a bankruptcy removal was untimely under Section 1446 and ordered the bankruptcy court to remand the case. *Id.* at 126. That order was appealed to the United States Court of Appeals for the Sixth Circuit, who dismissed the appeal for lack of jurisdiction after holding that Sections 1447 and 1452 prohibited appellate review of the district court's order to remand the case under Section 1446. *Petrarca v. Things Remembered, Inc.*, 65 F.3d 169 (6th Cir. 1994). In a unanimous opinion authored by Justice Thomas, the Supreme Court affirmed the Sixth Circuit's determination. *Things Remembered,* 516 U.S. at 129. In that opinion, Justice Thomas—applying *in pari materia*—held that the district court's remand order under Section 1446 is not subject to appellate review "regardless of whether the case was removed under § 1441(a) or § 1452(a)." *Id.* The Court reached this conclusion after finding that "there is no reason [the Sections] cannot comfortably coexist in the bankruptcy context" because there is no indication Congress intended to exclude bankruptcy removals under Section 1452 from other provisions in Chapter 89. *Id.*

Despite a unanimous Supreme Court's holding that the Sections of Chapter 89 must be considered together, the bankruptcy court found, and Appellees assert, that Section 1446 does not apply to Section 1452 because: (1) a plaintiff can remove under Section 1452 but not Section 1441; and (2) *Things Remembered* "made no reference to the applicability of Bankruptcy Rule 9027 to a removal under section 1452(a)." *See* ECF No. at 3–9. The Court respectfully disagrees with both contentions.

In a concurring opinion, Justice Ginsburg explicitly addressed Appellee's first contention—that the Sections should not be read together because a plaintiff can remove under Section 1452 but not Section 1441. *Things Remembered,* 516 U.S. at 131–36 (Ginsburg, J., concurring). Applying canons of construction, Justice Ginsburg analyzed the language of the Sections and determined that interpreting all of Chapter 89 "as fully in sync" "secures the uniform treatment of all

remands, regardless of the party initiating the removal or the court from which the case is removed." *Id.* at 134–35. Justice Ginsburg rebuked the reasoning of the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984), because the Third Circuit refused to apply Section 1447[1] to bankruptcy cases merely because a plaintiff can remove under Section 1452 but not Section 1441. *Id.* Justice Ginsburg concluded that Section 1452 is best read to "fit harmoniously within [the] set of provisions composing" Chapter 89. *Id.* at 136. While Justice Ginsburg's concurrence is not binding precedent, the Court agrees with her analysis and, thus, finds Appellees' first contention unpersuasive.

The Court is similarly unpersuaded by the contention that *Things Remembered* is inapplicable because it does not explicitly address the applicability of Bankruptcy Rule 9027 to a removal under Section 1452. While the Supreme Court did not explicitly address the relationship between Bankruptcy Rule 9027 and Section 1452, *Things Remembered* stands for the proposition that different provisions contained in the various Sections of Chapter 89 must be read together. Chapter 89 contains Sections 1441–55, all of which involve removal from state court. *See* 28 U.S.C. §§ 1441–45. And courts have consistently applied Section 1446's thirty-day time deadline to those Sections. *See, e.g., Edwards v. Blue Cross/Blue Shield*, No. 3:05-cv-0144-H, 2005 WL 1240577 (N.D. Tex. 2005) (Sanders, J.) (holding that Section 1446 governs timeliness for removing under Section 1442 in cases against federal officers or agencies); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 340 (S.D.N.Y. 2005) (same); *Zeigler v. Beers*, 412 F. Supp. 2d 746 (N.D. Ohio 2005) (stating that Section 1446 applies to a Section 1444 removal, which involves foreclosure actions against the United States); *Thorp Finance Corp. v. Lehrer*, 587 F. Supp. 533, 534 (E.D. Wis. 1984) (stating that Section 1446 applies to a Section 1443 removal in a civil-rights case); *State Farm Mut. Auto. Ins. Co. v. Baasch*, 644 F.2d 94, 96–97 (2d Cir. 1981) (same) *abrogated on other grounds by State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122 (2d Cir. 2023) (discussing appellate review of remand orders under the federal-officer removal statute). While there is a split on this issue, many courts have similarly held that

---

[1]28 U.S.C. § 1447 establishes the appellate reviewability of remand orders.

Section 1446's time deadline applies to Section 1452. *See Fuller v. A.W. Chesterton, Inc.*, No. CIV.09-675-GPM, 2009 WL 2855368, at \*1 (S.D. Ill. Sept. 3, 2009) (stating that 28 U.S.C. § 1446's thirty-day time deadline controls) (citing *Intra Muros Trust v. Truck Stop Scale Co.*, 163 B.R. 344, 345–46 (N.D. Ind. 1994)); *In re Asbestos Litig.*, No. CV 01-1790-PA, 2002 WL 649400, at \*3 (D. Or. Feb. 1, 2002) (same); *Allen Cnty. Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 581–82 (N.D. Ind. 1985); *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 472–73 (N.D. Ill. 1985).

In *Things Remembered*, the Supreme Court found "there is no reason [the Sections] cannot comfortably coexist in the bankruptcy context" because there is no indication that Congress intended to exclude bankruptcy removals under Section 1452 from other provisions in Chapter 89. *Things Remembered,* 516 U.S. at 129. In doing so, it affirmed the Sixth Circuit's determination that Section 1452's no-appeal provision applied to a remand under Section 1446. In that same case, Justice Ginsburg authored a concurrence which expressly addressed and condemned the argument that Section 1452 should not be read with the rest of Chapter 89 because Section 1452 allows "parties" to remove, and the other Sections apply only to "defendants." Further, courts have applied Section 1446's thirty-day time deadline to every other Section of Chapter 89. Thus, it is seemingly an absurd result to find that Section 1446 does not apply to Section 1452 despite it applying to every other Section of Chapter 89 and Section 1452 applying to it. The Court declines to reach such a result. Accordingly, the Court holds that Section 1446's thirty-day time deadline applies to removals under Section 1452.

Additionally, an "untimely notice of removal deprives the Court of subject matter jurisdiction . . ." *Glascock v. Prime Care Seven, L.L.C.*, No. SA-09-CA-38-FB, 2009 WL 10699767, at \*15 (W.D. Tex. Mar. 20, 2009), *report and recommendation adopted*, No. CV SA-09-CA-38-FB, 2009 WL 10699951 (W.D. Tex. May 11, 2009); *see also Things Remembered*, 516 U.S. at 126 ("The District Court found removal . . . to be untimely and held that the Bankruptcy Court lacked jurisdiction over the case."); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (finding that because federal courts have limited

jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand.).[2] Therefore, a finding that Bankruptcy Rule 9027's ninety-day time deadline supersedes or supplements Section 1446's time deadline is impermissible under the "established principle that the jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation."[3] *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 164–65 (2008) (citation modified). Consequently, despite its very careful and reasoned analysis, the Court holds that the bankruptcy court erred in determining Bankruptcy Rule 9027 controlled and that the removal was therefore timely.[4]

---

[2]The Court also notes that removal is disfavored in the late stages of litigation. *Zbranek v. Hofheinz*, 727 F. Supp. 324, 326 (E.D. Tex. 1989) ("[A] federal court is bound to consider the stage of the state court litigation in ruling on a motion to remand."); *Gordon v. Buntrock*, 2005 WL 20377, *3 (N.D. Ill. 2005) ("The removal statute was not intended to provide a Defendant with an escape route to federal court on the eve of a judgment in state court."). With the exception of closed cases, it is difficult to imagine a case in a later stage of litigation than this one.

[3]Such a finding also violates the general principle that "[w]hen a statute and a rule directly conflict, the statute wins." *See, e.g., In re Asbestos Litig.*, 2002 WL 649400, at *3. If Congress intended to give bankruptcy removals an extended time deadline, then it was up to Congress to say so, not the courts.

[4]The wisdom behind guarding against the expansion of federal jurisdiction is encapsulated by the general rule that federal courts should tread very carefully before assuming jurisdiction over state court matters. Especially in a case like this one that was adjudicated by judges elected by the citizens of Texas and tried to verdict by a jury of Texas citizens. Indeed, in our Republic, the "the ordinary administration of criminal and civil justice" is left to the state courts, not the federal courts. Federalist No. 17 (Alexander Hamilton) (writing as "Publius"); *cf. Letter from Thomas Jefferson to James Madison* (Mar. 15, 1789), in THE LIFE AND SELECTED WRITINGS OF THOMAS JEFFERSON 426 (Adrienne Koch & William Peden, eds., 2004 Modern Library Paperback ed.) (1944). Accordingly, "[f]ederal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Pidgeon v. Parker*, 46 F. Supp. 3d 692, 697 (S.D. Tex. 2014) ("These limits, based on respect both for other branches of government and for the state courts, must be respected.").

## CONCLUSION

For the reasons set out above, the Court finds that the removal of this case was untimely and, thus, the bankruptcy court erred in denying the motion to remand. Because the removal was untimely, the bankruptcy court lacked jurisdiction over this case and erred in reaching the merits. Accordingly, it is **ORDERED** that the decisions of the bankruptcy court are hereby **VACATED**. Furthermore, because the removal was untimely, it is **ORDERED** that this case be **REMANDED** to the 32nd Judicial District Court, Fisher County, Texas.

**SO ORDERED** on this **23rd day of July 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

Late in his life, Thomas Jefferson sagely warned of the dangers of federal judges usurping authority in matters that were for the states. He wrote:

> It has long however been my opinion, and I have never shrunk from its expression, . . . that the germ of dissolution of our federal government is in the constitution of the federal judiciary; . . . working like gravity by night and by day, gaining a little to-day and a little tomorrow, and advancing it's noiseless step like a thief, over the field of jurisdiction, until all shall be usurped from the states, and the government of all be consolidated into one. To this I am opposed; because whenever all government, domestic and foreign, in little as in great things, shall be drawn to Washington as the center of all power, it will render powerless the checks provided of one government on another, and will become as venal and oppressive as the government from which we separated.

*Letter from Thomas Jefferson to Charles Hammond* (August 18, 1821), *in* 15 THE WRITINGS OF THOMAS JEFFERSON 330–33 (Albert Ellery Bergh Ed.) (1905).